GREEN, Appellant, v. McNEIL, Respondent.

(183 N. W. 865.)

(File No. 4861. Opinion filed July 16, 1921.)

1. **Specific Performance—Correspondence, Whether Embracing Contract—Offer Non-accepted, Subsequent Inquiry Re Offer, Effect Re Contract.**

   Where plaintiff's agent wrote to defendant in reply to latter's letter offering to sell land at a specified price per acre, which answer accepted the offer and stated that plaintiff would pay cash, no reply to said answer having been received, and later the agent wired defendant inquiring if she accepted plaintiff's offer and asking her, to "wire answer," plaintiff later wiring defendant accepting her said proposition, which later telegram was unanswered, save that defendant later wrote to agent she had made a contract for sale to another before plaintiff's proposition reached her and that he was too late; held, there was no contract of sale or agreement to sell, nor any option to plaintiff to buy.

2. **Same—Prospective Purchaser's Agent—Prior Contract of Sale**

to Third Party, Immateriality of to Plaintiff's Rights.

The fact that on the day when plaintiff's agent answered defendant's said letter accepting said offer, and prior to mailing same he, as plaintiff's agent for sale thereof, entered into a contract for sale to another party, which contract was ratified and executed by defendant before she received said letter, is immaterial to plaintiff's rights.

3.   Same—Statute of Frauds, Immateriality of Where No Agreement Existed.

In determining the rights of the parties as regards specific performance of said alleged contract, it is unnecessary to consider effect of the statute of frauds thereon, since, conceding statute to have been fully complied with, no agreement was ever entered into.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by E .V. Green, against Flora McNeil, to enforce specific performance of an alleged contract to convey realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Spangler & Wire,* for Appellant.
*Miller & Mitchell,* for Respondent.

(3) To point three of the opinion, Respondent cited: Elliott on Ev., Sec. 25.

POLLEY, P. J.   Action to enforce specific performance of an alleged contract to convey real estate. Findings of fact, conclusions of law, and judgment were for defendant, and plaintiff appeals.

Plaintiff resides in Davison county where the land is situated, and defendant resides in the state of Illinois. The alleged contract is composed of certain correspondence by and on behalf of plaintiff and defendant. It is the contention of defendant that no contract or agreement for the sale of the land was ever entered into, and also that defendant has no title to or interest in the land, and therefore could not convey title to plaintiff if specific performance were decreed.

Some time in March, 1919, defendant wrote a letter to her sister, Mrs. Disbrow, who lived in Mitchell, in which she said:

"You can tell Mr. Green he can have that land for seventy-five dollars per acre."

This statement was communicated to plaintiff, and to such

communication plaintiff replied that he did not like to pay that much for the land. The substance of this reply appears to have been communicated to defendant, and on or about the 18th day of March she wrote to plaintiff as follows:

                              "Earlville, Ill., March 18, 1919.

"Mr. E. V. Green—Dear Sir: I received a letter from my sister saying you thought $75.00 per acre too much for that eighty you have been renting. Your father may have bought the land for $5.00 per acre, but it is worth just as much as the land joining. There is lots of land here which was bought for $25.00 per acre that is selling for $300.00 per acre now. The farm my father bought twenty years ago could be sold for $325.00 per acre, and small tracts of land sell for as much without buildings as with them. That piece of land is worth more to you than to me or any one else, and I am giving you a chance to buy it, but if you don't want it all right.

"I will proceed to make a deal with another party. You know a man who can work it can get more out of it than one who cannot. I know if I were near I could make money out of it and hire every bit of the work done. But then we know how to farm in Illinois.

"Hoping to hear from you one way or another, I am

                              "Respectfully,     Flora McNeill."

On the 24th day of March O. L. Branson on behalf of plaintiff wrote to defendant as follows:

"Your letter of the 18th instant to Mr. E. V. Green has been handed to us for reply. Mr. Green wishes us to say to you he will accept your offer at seventy-five dollars per acre. * * * Mr. Green says he will pay cash for the land."

No reply was received to this letter, and on the 15th day of April Mr. Branson telegraphed defendant as follows:

"Do you accept Green's offer at seventy-five dollars per acre for your land in Lisbon township this county. Wire answer."

On the 18th day of April plaintiff sent a telegram to defendant in which he said he accepted defendant's proposition of March 18th to sell the land at $75 per acre. Defendant did not answer said letter or either of the telegrams except that some time later on she wrote to Mr. Branson that she had made a

contract for the sale of the land to another party before plaintiff's proposition reached her, and that he was too late.

[1] No negotiations tending to create a contract between plaintiff and defendant, other than those above set out, ever took place, and in our view no agreement was reached. The only proposition made by defendant was the proposition made through Mrs. Disbrow to sell the land for $75 per acre. This proposition plaintiff rejected. The only other communication received from defendant is the letter of March 18th. This certainly contained no agreemnt to sell, nor any option to plaintiff to buy. On the other hand, she expressly said, "I will proceed to make a deal with another party." There was no time when their minds met on an agreement, and plaintiff did not understand that they had. As late as April 15th Mr. Branson on behalf of plaintiff wired defendant asking her if she accepted plaintiff's offer.

[2] It is a fact, though immaterial to plaintiff's rights, that on the 24th day of March plaintiff's agent in Mitchell with whom the land was listed for sale entered into a contract for the sale of the land to another party, which contract was ratified and executed by the defendant before she received the letter written by Mr. Branson on the 24th day of March.

[3] It is unnecessary to consider the effect of the statute of frauds upon this alleged contract, because, conceding the statute to have been fully complied with, no agreement was ever reached. The evidence is not sufficient in any event to support a decree of specific performance; therefore it is unnecessary to consider appellant's other assignments.

The judgment and order appealed from are affirmed.